1525

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 14-98 |
| v. | ) (18 U.S.C. §§ 371 and 471) |
| | ) |
| WILLIAM PERRY BAGLEY | ) **UNDER SEAL** |
| a/k/a Bridge | ) |

## INDICTMENT

### COUNT ONE

**THE CONSPIRACY AND ITS OBJECTS**

The grand jury charges:

From in and around May 2013, the exact date being unknown to the grand jury, and continuing thereafter until on or about June 20, 2013, in the Western District of Pennsylvania, the defendant, WILLIAM PERRY BAGLEY, knowingly and willfully did conspire, combine, confederate and agree together, with other persons known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a)   Falsely making, forging and counterfeiting an obligation of the United States, with the intent to defraud, namely, over $14,000 of counterfeited Federal Reserve Notes in violation of Title 18, United States Code, Section 471;

b)   Passing, uttering and publishing, with the intent to defraud, upon retail and department stores in the Western District of Pennsylvania falsely made, forged, counterfeited and altered

obligations or other securities of the United States, namely, counterfeit $100 Federal Reserve Notes, in violation of Title 18, United States Code, Section 472.

**OVERT ACTS**

In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendant did commit and cause to be committed, the following overt acts, among others, in the Western District of Pennsylvania:

(a) On or about June 20, 2013, the exact date being unknown to the grand jury, the defendant, WILLIAM PERRY BAGLEY, manufactured counterfeit money at the residence of an individual known to the grand jury as S.H.

(b) On or about May 30, 2013, an individual, known to the grand jury as L.T., rented a 2004 Toyota Sienna for the defendant, WILLIAM PERRY BAGLEY.

(c) On or about May 26, 2013, an individual, known to the grand jury as J.R., gave approximately $100 in counterfeit Federal Reserve Notes to a clerk at Shop N Save.

(d) On or about June 10, 2013, an individual, known to the grand jury as R.H., gave approximately $100 in counterfeit Federal Reserve Notes to a clerk at Walmart.

(e) On or about June 20, 2013, an individual, known to the grand jury as J.R., gave approximately $100 in counterfeit Federal Reserve Notes to a clerk at Rite Aid.

   (f) On or about June 20, 2013, an individual, known to the grand jury as J.R., gave approximately $100 in counterfeit Federal Reserve Notes to a clerk at Community Market.

   (g)  On or about June 20, 2013, an individual, known to the grand jury as R.H., gave approximately $100 in counterfeit Federal Reserve Notes to a clerk at Community Market.

   In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The grand jury further charges:

From in and around May 2013, the exact date being unknown to the grand jury, and continuing thereafter until on or about June 20, 2013, in the Western District of Pennsylvania, the defendant, WILLIAM PERRY BAGLEY, with intent to defraud, did falsely make, forge, and counterfeit obligations or other securities of the United States, that is, over $14,000 in counterfeit Federal Reserve Notes, containing, but not limited to, the information below:

| Amount | Series | Serial No. | Face Plate | Back Plate | Check Letter |
|--------|--------|------------|------------|------------|--------------|
| $100 | 2006A | KB29810051I | 202 | 165 | C |
| $100 | 2006 | KB63212677C | 107 | 57 | A |
| $100 | 2001 | CD01800009A | 34 | 45 | C |
| $100 | 1996 | AD52875300B | 193 | 149 | A |
| $100 | 2003 | DF21167723B | 51 | 33 | D |
| $100 | 1996 | AL93027123B | 3 | 49 | C |
| $100 | 2003A | FD01714470A | 10 | 45 | B |

In violation of Title 18, United States Code, Section 471.

**CRIMINAL FORFEITURE ALLEGATIONS**

   1. The United States hereby gives notice to the defendant charged in Counts One through Two that, upon conviction of any such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(b), which requires any person convicted of such offense(s) to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense(s); and (b) Title 18, United States Code, Section 492, which requires the forfeiture of all counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in violation of Counts One through Two, including but not limited to HP OfficeJet Pro 8600 printer/copier and printer/copier ink cartridges.

   2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

A True Bill,

_____
Foreperson

_____
DAVID J. HICKTON
United States Attorney
PA ID No. 34524