1525

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     )
                                   )    Criminal No. 14-98
           v.             )
                                   )
WILLIAM PERRY BAGLEY      )    **UNDER SEAL**
a/k/a Bridge              )

## INDICTMENT MEMORANDUM

      AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Shardul S. Desai, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.   THE INDICTMENT

      A Federal Grand Jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy<br>From in and around May 2013<br>to June 20, 2013 | 18 U.S.C. § 371 |
| 2 | Making Counterfeit Currency<br>From in and around May 2013<br>to June 20, 2013 | 18 U.S.C. § 471 |

## II.  ELEMENTS OF THE OFFENSES

**A.  As to Count 1:**

In order for the crime of Conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That two or more persons agreed to commit an offense against the United States, as charged in the indictment;

2.  That the defendant was a party to or member of that agreement;

3.  That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objectives, to commit an offense against the United States; and

4.  That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction, 6.18.371A.

**B.   As to Count 2:**

In order for the crime of Making Counterfeit Currency, in violation of 18 U.S.C. § 471, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant falsely made, forged, counterfeited, or altered an obligation or security of the United States.

> Jackson v. Virginia, 443 U.S. 307 (1979); Crouch v. United States, 298 F.2d 437 (6th Cir. 1924); United States v. Fera, 616 F.2d 590 (1st Cir. 1980); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶21.02 (1989).

2.   That the defendant acted with intent to defraud.

> United States v. Snow, 670 F.2d 749 (7th Cir. 1982); United States v. Speaks, 453 F.2d 966 (1st Cir. 1972), cert. denied, 405 U.S. 1071 (1972); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶21.02 (1989).

### III.   PENALTIES

**A.   As to Count 1:** Conspiracy (18 U.S.C. § 371):

1.   Individuals   -   The   maximum   penalties   for individuals are:

(a)   imprisonment of not more than 5 years (18 U.S.C. § 371);

(b)   a fine not more than the greater of;

(1)   $250,000 (18 U.S.C. § 3571(b)(3));

3

<u>or</u>

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) Any or all of the above.

B. **As to Count 2:** Making Counterfeit Currency (18 U.S.C. § 471):

1. <u>Individuals</u> - The maximum penalties for individuals are:

(a) imprisonment of not more than 20 years (18 U.S.C. § 471);

(b) a fine not more than the greater of:

(1) $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would

unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c)  a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)  Any or all of the above.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Restitution may be required in this case as to Count One together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.  FORFEITURE

As provided in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

By:  _Shardul S. Desai_

SHARDUL S. DESAI
Assistant U.S. Attorney
DC Bar No. 990299